```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

MARTIN E. REGAN, JR., INDIVIDUALLY           *    CIVIL ACTION
AND AS REPRESENTATIVE OF DECEDENT,
BRYAN CHRISTOPHER REGAN

VERSUS                                       *    NO. 05-6452

RESPIRONICS, INC. AND APRIA                  *    SECTION "B"
HEALTHCARE INC., AS SUCCESSOR TO
HOMEDCO, INC. AND NATIONAL
MEDICAL HOMECARE INC.


## ORDER AND REASONS

Defendant, Apria Healthcare, Inc. moves for summary judgment. For the reasons that follow, Defendant's Motion for summary judgment (Rec. Doc. No. 52) is **GRANTED** in part, and **DENIED** in part.

## BACKGROUND

Bryan Regan, the decedent, suffered from muscular dystrophy. He was dependant on a home ventilator that was manufactured by defendant, Respironics and supplied by movant, Apria. Bryan died of asphyxiation in December of 2004 and the plaintiff alleges that the alarm on the ventilator failed to sound when the breathing tube

separated from the ventilator.  The ventilator in use at the time of Bryan's death was delivered in September of 2004.  A technician from Apria delivered the unit and adjusted the settings.  No one changed the settings between the time of delivery and Bryan's death. (Rec. Doc. No. 52 at 5-6 ; Rec. Doc. No. 58 at 4).

Bryan was first placed on a ventilator in March 2003 after he received a tracheotomy.  Before Apria supplied the first ventilator to Bryan in 2003, Lilliam Regan, the decedent's stepmother, signed a liability and release statement. (Rec. Doc. No. 52 at Exhibit 1, the Liability and Release Statement). The statement released Apria from liability for the failure of the equipment, unless such failure was caused by improper set-up or installation of the equipment. *Id*. at paragraph 3.

## LAW AND ANALYSIS

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).   Although the Court must

consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas*, 139 F. 3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc*., 7 F.3d 1203, 1207 (5th Cir. 1993).

To prove negligence in Louisiana, the plaintiff must establish five elements: (1) that the defendant had a duty to conform his conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of his injuries; (4) the defendant's substandard conduct was a proximate or legal cause of his injuries; and (5) he was damaged. *Benjamin Ex Rel. Benjamin v. Housing Auth. of New Orleans*, 893 So.2d 1, 7 (La. 12/1/04).

A genuine issue of material fact exists as to whether the ventilator provided by Apria was properly set up. Apria had a duty to properly set up and install the equipment; this is set forth in the Liability and Release Statement. Rec. Doc. No. 52 at Exhibit 1, paragraph 3. Movant, Apria maintains that the low pressure alarm was set to thirty because of photos of the machine taken

3

after the incident. Whereas, Regan asserts that the low pressure alarm was set to five. Rec. Doc. No. 52 at 7.  In support of this contention, the plaintiff offers the deposition testimony of Dr. Nichols-Ketchum who stated that a previous reading of the photo was incorrect because of glare from the flash.  In the deposition, she states that the low pressure alarm was at less than five.  Rec. Doc. No. 58 at 10.  Both parties agree that  no one touched the alarm after it was set by Apria.  Regan uses the same deposition testimony to show that a setting of 5 could result in the failure of the alarm to sound.

Movant also seeks summary judgment for the plaintiff's products liability claim. In Louisiana, only manufacturers are held liable for a product liability claim.   LA R.S. 2800.54.  The Louisiana Products Liability act defines a manufacturer as, "a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product."  LA R.S. 2800.53.

Movant argues that Apria does not meet the definition of a manufacturer and cannot be held liable for this claim. Rec. Doc. No. 52 at 8.  In response, Regan states that the depositions of Apria's employees dealing with the ventilator have been requested and that this claim is still being discovered. Rec. Doc. No. 58 at

7.  The plaintiff does not provide any evidence to support its products liability claim against Apria.

The Court finds that Apria is not a manufacturer. The plaintiff does not offer any evidence through pleadings, affidavits, exhibits or otherwise that Apria is the manufacturer of the ventilator. Plaintiff cannot rest on the pleadings, he must offer some evidence that Apria is the manufacturer. Plaintiff has not. Therefore, the Court finds that Apria is not a manufacturer.

In conclusion, a genuine issue of material fact does exist with regards to plaintiff's claim of negligence against Apria relating to the set up of the ventilator. However, the plaintiff has not shown that a genuine issue of material fact exists on the products liability claim. Specifically, plaintiff did not introduce evidence that defendant is a manufacturer. Therefore, the Court grants summary judgment as to the products liability claim against Apria, but as to the negligence claim, the Court denies summary judgment as premature. Furthermore, the release statement is inapplicable if plaintiff successfully proves at trial that Apria negligently set-up or installed the equipment and said negligence caused or contributed to the sued upon death here.

**CONCLUSION**

Based on foregoing, this Court holds that a genuine issue of material fact exists as to the negligence claim but not the products liability claim. Accordingly, defendant's Motion for summary judgment is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 8th day of February, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE